DA 11-0596

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 39N

DOUGLAS BOESE,

        Petitioner and Appellant,

  v.

BOARD OF PARDONS, et al.,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Powell, Cause No. DV 10-103
Honorable Ray Dayton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Douglas R. Boese, (self-represented); Great Falls, Montana

        For Appellee:

            Steve Bullock, Montana Attorney General; Diana L. Koch; Special
Assistant Attorney General; Helena, Montana

Submitted on Briefs:  January 18, 2012

Decided:  February 14, 2012

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Douglas Boese submitted an application for executive clemency with the Montana Board of Pardons and Parole (Board). The Board initially requested Dr. Mark Mozer perform a psychological evaluation of Boese. Boese met with Mozer at the Montana State Prison for the evaluation; however, the Board decided Boese's application did not warrant a hearing and cancelled its request for a psychological report. When Boese demanded a copy of the report, the Board explained a report had not been completed. Boese sought a writ of mandamus from the Third Judicial District Court to compel the Board to provide him with the psychological report. The court denied his petition and Boese appealed.

¶3 Mandamus is appropriate only if the party applying for the writ "has a specific right and the public officer is acting ministerially and has no discretion in the matter." *Jefferson Co. v. Dept. of Envtl. Quality*, 2011 MT 265, ¶ 21, 362 Mont. 311, 264 P.3d 715 (citation omitted). The District Court concluded that, assuming Mozer drafted a report, the Board's release of it to Boese constitutes a discretionary function which is not subject to mandamus.

2

¶4     We have observed that "because allowing an inmate to inspect a document submitted by prison personnel . . . to the Board of Pardons may compromise safety," a decision to release such a document "must be made on a case-by-case basis" after balancing the inmate's rights against the State's legitimate penological interests. *Worden v. Bd. of Pardons & Parole*, 1998 MT 168, ¶ 36, 289 Mont. 459, 962 P.2d 1157.  Given this required "balancing of conflicting constitutional interests," we have held "[an inmate's] request for [his] psychological report does not consist of a ministerial duty [cognizable] under mandamus." *Maier v. Third Jud. Dist. Ct.*, 2010 Mont. LEXIS 518, ¶ 15.

¶5     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.  The District Court correctly interpreted and applied settled Montana law in denying Boese's petition for writ of mandamus.  Its judgment is affirmed.


                                        /S/ BETH BAKER


We concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS